**United States District Court for the District of Columbia**

| | |
|---|---|
| Demetris Christou,          )<br>   2901 18th Street NW   )<br>   Apartment 307   )<br>   Washington, DC 20009   )<br>          PLAINTIFF   )<br>            )<br>vs.   )<br>           )<br>Oracle Corporation   )<br>   Registered Agent:   )<br>      C T Corporation System   )<br>      1015 15th St NW   )<br>      Washington, DC 20005   )<br>          DEFENDANT   ) | Case No. 1:13-cv-1570<br><br>Jury Trial Requested |

**COMPLAINT FOR IMPROPER TERMINATION OF EMPLOYMENT; BREACH OF CONTRACT; WORKPLACE DISCRIMINATION AND RETALIATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT, TITLE VII OF THE CIVIL RIGHTS ACT; AND VIOLATION THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT.**

Mr. Christou by and through the undersigned attorney alleges the following actions taken against him by his former employer, Oracle Corporation that constitute (1) improper termination of employment; (2) breach of employment contract; (3) violations of the Age Discrimination in Employment Act which constitute discrimination and retaliation on the basis of age; (4) violation of Title VII of the Civil Rights Act which constitute discrimination and retaliation on the basis of national origin, ethnicity, sexual identity, and race and also of the District of Columbia Human Rights Act which constitute disparagement, discrimination and retaliation on the basis of age, national origin, ethnicity, sexual identity, and race.

## The Parties

1. Claimant, Demetris Christou, a Washington, DC resident, is an individual who worked for the Defendant Oracle Corporation.

2. Defendant Oracle Corporation is a California corporation with offices worldwide for which the Claimant worked.

3. Claimant was principally assigned to the Respondant's Reston office, but worked with design teams remotely, worldwide.

4. Claimant worked a great deal for Respondant remotely from his home in Washington, DC.

5. Claimant worked for Defendant Corporation for over fifteen years as a PL/SQL and Java developer.

6. Oracle Corporation hired Mr. Christou on or about August 18, 1997, as a Staff Consultant.

7. From approximately September 1, 1998, to February 28, 1999, Mr. Christou as promoted to the position and worked with Oracle Corporation as Senior Consultant.

8. On or about March 1, 1999, Mr. Christou was promoted to the position of Software Developer 3 and worked in this capacity until on or about August 31, 2000.

9. On or about September 1, 2000, Mr. Christou was promoted to the position of Software Developer 4 and worked in this capacity until the termination of his employment by Oracle Corporation on January 24, 2013.

10. On June 28, 2013, Mr. Christou filed a Complaint before the US Equal Opportunity Employment Commission (EEOC) against Oracle Corporation alleging discrimination and retaliation under the Age Discrimination Act and Title VII of the Civil Right Act.

11. The EEOC issued Mr. Christou a Notice of Right to Sue on August 27, 2013, which is attached to this Complaint as Exhibit 1.

**Allegation I**
**Defendant Oracle Corporation Improperly Terminated Defendant Christou' Employment by Breaching Employment Contract, Express or Implied**

12. All allegations 1-11 above are incorporated by reference.

13. Oracle Corporation terminated Mr. Christou's employment on January 24, 2103, without warning or notice.

14. Mr. Christou's employment termination according Oracle Corporation as under the guise of a reduction in force.

15. Oracle's termination of Mr. Christou's employment was subsequent to and a proximate cause of his request for promotions as well as the ability to work remotely from his home in Cyprus in addition to working in the Unites States.

16. Mr. Christou cited other such known occurrences by Oracle in allowing personnel to work remotely from location in other nations other than the employment office.

17. Mr. Christou's employment was governed by a contract or, in the alternative, the aggregate of documents including an employee manuals as well as business practices and promises made which constituted a contractual relationship, express or implied.

18. Per the actions above in addition to those that may be uncovered during discovery conducted, Defendant Oracle Corporation's termination of Mr. Cristou's employment was improper and constitutes a breach of contract, either express, implied, or both.

**Allegation II**
**Breach of Implied Duty of Good Faith and Fair Dealing**

19. All allegations 1-18 above are incorporated by reference.

20. Defendant Oracle Corporation has an implied duty of good faith and fair dealing in all its actions, particularly when dealing with its employees and their employment relationship.

21. Defendant Oracle Corporation breached its duty of good faith and fair dealing to Mr. Christou by the following actions.

    a. Defendant Oracle Corporation continued to refuse promotion by Mr. Christou form a Level 4 programmer to Level 5 programmer for a considerable period of time while simultaneously requiring and expecting Mr. Christou to perform at the next level or higher in his duties to the company.

    b. Mr. Christou's superiors at Oracle Corporation promised promotions to Mr. Christou in light of his high performance and performance commensurate with the Level 5 programmer or higher; however, such supervisors failed to take any action to promote Mr. Christou to the level commensurate with his performance level.

    c. Mr. Christou's superiors at Oracle Corporation continued to provide Mr. Christou superior performance reviews up to the time of his termination and made assurances of additional projects on which he would play a significant role while, per the action at hand, simultaneously taking actions to terminate his employments.

22. Per the actions above in addition to those that may be uncovered during discovery conducted, Defendant breached its duty of good faith and fair dealing with the Plaintiff.

**Allegation III**
**Defendant Oracle Corporation Improperly Terminated Defendant Christou's Employment due to Defendant's Fear of Christou Reporting Defendant's Violations of State and Federal Laws**

23. All other allegations, 1-22, above are incorporated by reference.

24. Plaintiff Christou requested the ability to work from his home in Cyprus as in addition to that in the District of Columbia, the latter of which was permitted and common practice.

25. In his request to work from his Cypriot home, Christou cited other such occurrences in which he was aware that Oracle Corporation were allowed to work abroad while headquartered at a US facility.

26. Mr. Christou cited the occurrence of a colleague in Taipei, Taiwaan, who was working from his home abroad while assigned and paid from his headquarted office in California, USA, as justification and example of accepted corporate practice to be allowed to work from his Cypriot home as an Oracle employee.

27. Mr. Christou's supervisors told Mr. Christou that he should not be aware of this colleague's employment relationship and to not discuss it with anyone else.

28. Mr. Christou then became aware that such employment and characterization of the employment relationship of his colleague, for which Mr. Christou was asking for similar treatment, could violate not only the Federal and State Laws within the US but also those of the other country (in this case Taiwaan) thereby sheltering income earned from the tax regime of the foreign country.

29. Having made such request to work abroad from his home in Cyprus as well as having gained knowledge of questionable business practices by Oracle Corporation in a similar occurrence, Christou's employment was terminated improperly by Oracle Corporation in order to prevent Mr. Chirstou from obtaining additional knowledge and making such information available to various governmental authorities[1].

**Allegation IV**
**Christou's Employment Severance is *Prima Facia* Discrimination under the Age Discrimination in Employment Act (ADEA)**

30. All other allegations, 1-29, above are incorporated by reference.

31. The termination of Mr. Christou's employment by Oracle was a discriminatory and retaliatory action targeting Mr. Christou's age. See Christou Affidavit ¶¶ 28-30.

32. Mr. Christou is over the age of forty.

33. The majority of the persons who were "laid off" were above the age of 40 according to information provided by Oracle Corp to Mr. Christou specifically

---

[1] Upon obtaining and reviewing discovery from the Defendant, the Plaintiff reserves the right to add an addition allegations with regard to violations of Whistleblower protection.

showing that 2/3 of the persons whose employment was terminated by Oracle were over the age of 40.

34. Such action constitutes retaliation and further discrimination under both the ADEA as well as the DC Human Rights Act.

**Allegation V**
**Oracle Management's Actions Demonstrate On-Going Discrimination Against Christou On the Basis of National Origin Culminating in Retaliatory Termination**

35. All other allegations, 1-34 above, are incorporated by reference.

36. Mr. Christou's various managers and co-workers referred to him as a terrorist assuming Middle Eastern or Arabic heritage.  See Christou Affidavit ¶¶ 19, 23, 24, 27, 28, 30.

37. Mr. Christou is Cypriot and Caucasian.  See Christou Affidavit ¶ 4.

38. Such statements, made both in private as well as publically, made Mr. Christou feel singled out and believes that this is a primary reason that promotions were not forthcoming and ultimately why his employment was terminated on January 24, 2013.

39. The repetitive nature of such comments by management and colleagues are such that such acts and statements rise above the level of mere pranks and shows a demonstrated bias on the part of the Oracle management and staff.

40. Such acts are discriminatory on its face and constitute a violation of Title VII on the basis of National Origin.

41. Such action by Oracle Management created a hostile work environment for Mr. Christou, an environment in which Mr. Christou felt he was not trusted and constantly under watch or surveillance.

42. The creation of a hostile workplace with supervisors and co-workers targeting an employee on the basis of national origin, here presumed to be Arabic, constitutes violation of Title VII of the Civil Rights Act on the basis of national origin.

43. The creation of a hostile workplace with supervisors and co-workers targeting an employee of national origin, here presumed to be Arabic, constitutes violation of the DC Human Rights Act.

44. Termination of Mr. Christou as the ultimate retaliatory and hostile act constitutes a violation of Title VII of the Civil Rights Act on the basis of national origin.

45. Termination of Mr. Christou as the ultimate retaliatory and hostile act constitutes a violation of DC Human Rights Act on the basis of national origin.

**Allegation VI**
**Oracle Management's Actions Demonstrate On-Going Discrimination Against Christou Culminating in Retaliatory Termination Constitutes Racial Discrimination under Title VII of US Civil Rights Act and under DC Human Rights Act**

46. All other allegations 1-46 above are herein incorporated by reference.

47. By referring continually to Mr. Christou as a terrorist or Arab and implying that he is of Middle Eastern or Arabic descent, the management at Oracle Corporation, offended Mr. Christou and, while Mr. Christou is Caucasian, such actions constitute racial discrimination under Title VII of the Civil Right Act. See Christou Affidavit ¶¶ 19, 23, 24, 27, 28, 30.

48. Such action by Oracle Management created a hostile work environment for Mr. Christou, an environment in which Mr. Christou felt he was not trusted and constantly under watch or surveillance. See Christou Affidavit ¶¶ 23, 30.

49. The creation of a hostile workplace with supervisors and co-workers targeting an employee of race, here presumed to be Arabic, constitutes violation of Title VII of the Civil Rights Act on the basis of race.

50. The creation of a hostile workplace with supervisors and co-workers targeting an employee of race, here presumed to be Arabic, constitutes violation of the DC Human Rights Act.

51. Termination of Mr. Christou as the ultimate retaliatory and hostile act constitutes a violation of Title VII of the Civil Rights Act on the basis of race.

**Allegation VII**
**Oracle Management's Actions Demonstrate On-Going Discrimination Against Christou Culminating in Retaliatory Termination Constitutes Discrimination on the Basis of Religion under Title VII of US Civil Rights Act and under DC Human Rights Act**

52. All other allegations 1-51 above are herein incorporated by reference.

53. By referring continually to Mr. Christou as a terrorist or Arab and implying that he is of Middle Eastern or Arabic descent and a Moslem, the management at Oracle Corporation, offended Mr. Christou and, while Mr. Christou is European, Caucasian and Orthodox Christian, such actions constitute discrimination on the basis of religion under Title VII of the Civil Right Act.  See Christou Affidavit ¶¶ 19, 23, 24, and 27.

54. Such action by Oracle Management created a hostile work environment for Mr. Christou, an environment in which Mr. Christou felt he was not trusted and constantly under watch or surveillance due to the presumption that he was Middle Eastern or Arabic and Moslem.

55. The creation of a hostile workplace with supervisors and co-workers targeting an employee's of religion, here presumed to be Moslem, constitutes violation of Title VII of the Civil Rights Act on the basis of religion.

56. The creation of a hostile workplace with supervisors and co-workers targeting an employee's religion, here presumed to be Moslem, constitutes violation of the DC Human Rights Act.

57. Termination of Mr. Christou as the ultimate retaliatory and hostile act constitutes a violation of Title VII of the Civil Rights Act on the basis of religion.

58. Termination of Mr. Christou as the ultimate retaliatory and hostile act constitutes a violation of DC Human Rights Act on the basis of religion.

**Allegation VIII**
**Oracle Management's Actions Demonstrate On-Going Discrimination Against Christou Culminating in Retaliatory Termination With Regard to Mr. Christou's Sexual Identity Constitutes Discrimination under DC Human Rights Act**

59. All other allegations 1-58 above are herein incorporated by reference.

60. That statements and allusions made toward Mr. Christou by his management and co-worker targeting his sexual identity were offensive to Mr. Christou and the degree that he found the workplace increasingly a hostile environment in which to work.  See Christou Affidavit ¶¶ 25, 26, 30.

61. The creation of a hostile workplace with supervisors and co-workers targeting an employee on the basis of his sexual identity constitutes violation of the DC Human Rights Act.

62. Termination of Mr. Christou as the ultimate retaliatory and hostile act constitutes a violation of DC Human Right Act on the basis of sexual identity.

**Allegation IX**
**Unlawful Termination on the Basis of Age, National Origin, and Race Constitutes Age Discrimination and Retaliation under the Age Discrimination Act and Constitutes both National Origin and Racial Discrimination under Title VII of US Civil Rights Act**

63. All other allegations 1-62 above are incorporated by reference.

64. That Mr. Christou's termination was motivated on the basis of race and ethnicity, presumed to be Arabic, and/or , presumed by Oracle Managers and Supervisors, differing race and ethnicity of his supervisor and colleagues. See Christou Affidavit ¶ 30.

65. Both actions constitute violations under Title VII of the Civil Rights Act and the DC Human Rights Act.

**Allegation X**
**Unlawful Termination on the Basis of Age, National Origin, and Race Constitutes Age Discrimination and Retaliation under the DC Human Rights Act**

66. All other allegations 1-65 above are incorporated by reference.

67. All occurrences of discrimination and retaliation on the basis of age, race, sex, ethnicity, and national origin cited above also constitute violations of the DC Human Rights Act.

68. In addition to the violations cited above, discriminatory actions on the basis of sexual preference and identification also constitute violations of the DC Human Rights Act.

**Prayer for Relief**

Wherefore, Mr. Christou requests that this Honorable Court find that Defendant Oracle Corporation

1. Improperly terminated Plaintiff Christou's employment and in doing so breached its contract for employment (express and/or implied) with Mr. Christou violated both the Civil Rights Act and the DC Human Rights Act,
2. Breached its duty of good faith and fair dealing with Mr. Christou during his employment,
3. Committed discriminatory and retaliatory actions against Mr. Christou that violated the Age Discrimination in Employment Act.
4. Committed discriminatory and retaliatory actions against Mr. Christou that violated Title VII of the Civil Rights Act,
5. Committed discriminatory and retaliatory actions against Mr. Christou that violated DC Human Rights Act; and
6. That Mr. Christou be made whole as a result of this action by Oracle Corporation by the following enumerated Damages and others to be specified at trial:
    a. That Mr. Christou not be reinstated to any position within Oracle Corporation due to the caustic nature of the work environment but instead be payment for future salary, or rather front pay, inclusive of the monetary value of all benefits, bonuses, and promotions for a duration of not less than fifteen years (the time equal to the amount of tenure Claimant had with Respondant) because of the extreme hostility exhibited by the Claimant employer to the Claimant that, as a practical matter, a productive

and amicable working relationship would be impossible thereby preventing a non-discriminatory placement with the Respondant;

b. Payment of past owed salary, overtime, profit sharing, 401(k) contributions, and health care premiums starting from the date of the wrongful discharge and carried forward up to and through the date of the findings;

c. That Mr. Christou be reimbursed for all costs related to finding or creating other employment and other associated direct and indirect costs to be determined;

d. That Mr. Christou be awarded punitive and other damages that this Honorable Court sees fit and just for the mental anguish, inconvenience, and loss of enjoyment of life suffered as a result of the Respondant's discriminatory and retaliatory actions.

e. That Mr. Christou be compensated for the mental anguish, inconvenience, and loss of enjoyment of life suffered as a result of the Respondant's discriminatory and retaliatory actions in an amount of not less than the back pay including value of benefits awarded Claimant.

f. That Mr. Christou be awarded liquidated damages not less than the amount of back pay including the value of benefits awarded

g. That Mr. Christou be awarded attorneys' fees and costs incurred to bring this action.

h. That an interest rate analogous to prejudgment interest be applied to all past owed salary and benefits up to the date of determination;

    i.    That an interest rate analogous to post-judgment be applied to the award until the date it is paid; and

    j.    That this Court award any and all other relief it deems just, proper, and equitable.

**Demand for Trial by Jury**

Plaintiff Demetris Christou requests that this trial be held before a jury of his peer[2].

Date:  October 11, 2013

Respectfully submitted,

*[signature]*

William H. Brammer, Jr.
New Columbia Law Group PLLC
107 7th Street SE
Washington, DC 20003
T: 202.670.1684
F: 202.517.9134
whbrammer@nc-lg.com
DC Bar Number 478206
*Counsel for Plaintiff*

---

[2] Plaintiff reserves the right to amend his complaint should discovery or other knowledge gained illuminate other allegations against the Defendant in this action.